UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHAYJJON McCLELLAN,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SACRAMENTO; VINCENT CATRICALA; DANIEL HAHN; DARBY LANNOM; and SACRAMENTO POLICE DEPARTMENT,<br><br>  Defendants. | No. 2:20-cv-00560-TLN-KJN<br><br>**ORDER** |

This matter is before the Court pursuant to Defendants City of Sacramento, Vincent Catricala ("Catricala"), Daniel Hahn, Darby Lannom ("Lannom"), and Sacramento Police Department's (collectively, "Defendants") Motion to Strike. (ECF No. 17.) Plaintiff Phayjjon McClellan ("Plaintiff") filed an opposition. (ECF No. 18.) Defendants filed a reply. (ECF No. 19.) For the reasons set forth below, the Court DENIES Defendants' motion.

///

///

///

1

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

In March 2018, Plaintiff sustained a bullet wound injury to his torso and was hospitalized at the University of California Davis Medical Center.  (ECF No. 15 at 4.)  Plaintiff alleges that on March 20, 2018, Sacramento Police Officers Lannom and Catricala (collectively, "the Officers") entered his hospital room while he was recovering and interrogated him about the shooting.  (*Id.* at 5.)  Plaintiff alleges Lannom asked for Plaintiff's cell phone, but Plaintiff refused.  (*Id.* at 5–6.)  Plaintiff further alleges his grandmother told the Officers to leave, but they refused.  (*Id.* at 6.)  Plaintiff alleges Lannom then grabbed Plaintiff's arm, twisted it over his face (thereby striking Plaintiff in the face), and put pressure on Plaintiff's torso at the site of his bullet wound.  (*Id.*)  Plaintiff alleges the Officers grabbed the cell phone and left the hospital.  (*Id.* at 6–7.)

Plaintiff filed the instant action on March 13, 2020.  (ECF No. 1.)  In his operative First Amended Complaint ("FAC"), Plaintiff asserts various state and federal claims related to the incident.  (*See generally* ECF No. 15.)  Defendants filed the instant Motion to Strike certain assertions from the FAC on July 23, 2020.  (ECF No. 17.)

II.  **STANDARD OF LAW**

Federal Rule of Civil Procedure ("Rule") 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A court will only consider striking a defense or allegation if it fits within one of these five categories.  *Yursik v. Inland Crop Dusters Inc.*, No. CV-F-11-01602-LJO-JLT, 2011 WL 5592888, at *3 (E.D. Cal. Nov. 16, 2011) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010)).  "Immaterial" matter is that which has "no essential or important relationship to the claim for relief or the defenses being pleaded."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "Impertinent" matter includes "statements that do not pertain, and are not necessary, to the issues in question."  *Greer v. Cty. of San Diego*, No. 3:19-CV-0378-GPC-AGS, 2019 WL 5453955, at *13 (S.D. Cal. Oct. 24, 2019).

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."

1  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, Rule 12(f)
2  motions are "generally regarded with disfavor because of the limited importance of pleading in
3  federal practice, and because they are often used as a delaying tactic."  *Neilson v. Union Bank of*
4  *Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  "Ultimately, whether to grant a motion
5  to strike lies within the sound discretion of the district court."  *Id.*  Unless it would prejudice the
6  opposing party, courts freely grant leave to amend stricken pleadings.  *Foman v. Davis*, 371 U.S.
7  178, 182 (1962); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *see also* Fed. R.
8  Civ. P. 15(a)(2).  If the court is in doubt as to whether the challenged matter may raise an issue of
9  fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the
10  allegations for adjudication on the merits after proper development of the factual nature of the
11  claims through discovery.  *See Whittlestone*, 618 F.3d at 974–75.

12  **III.    ANALYSIS**

13  Defendants move to strike paragraphs 12 and 72 of the FAC.  (*See* ECF No. 17 at 1–4; *see*
14  *also* ECF No. 17-1 at 4–6.)  Defendants argue the Court should strike the paragraphs as
15  immaterial and impertinent under Rule 12(f).  (*Id.*)  The Court considers both paragraphs in turn.

16          A.    <u>Paragraph 12</u>

17  Paragraph 12 describes a prior case from 2006 in which Lannom was accused of using
18  excessive force during an arrest.  (ECF No. 17 at 1–2.)  Defendants move to strike paragraph 12
19  as "immaterial," arguing the prior allegations "were never found to be true or false" because the
20  case was dismissed without prejudice.  (ECF No. 17-1 at 5.)

21  In opposition, Plaintiff argues paragraph 12's allegations are "supportive of, and directly
22  relevant to, Plaintiff's *Monell* claims."  (ECF No. 18 at 9.)  Plaintiff argues the allegations are
23  relevant, "not only because they generally support Plaintiff's allegations of 'widespread practices
24  or evidence of repeated constitutional violations,' … but also because they directly involve one of
25  the same officers that is a party to this action, Defendant Lannom."  (*Id.* at 10.)  Additionally,
26  Plaintiff contends even if the "allegations of paragraph 12 — standing alone — were insufficient
27  to state a claim for municipal or supervisory liability, nonetheless, '[a] plaintiff is entitled to make
28

relevant allegations'" in order to "provide context, suggest a motive, and … establish intent" for Plaintiff's other claims. (*Id.* at 11.)

"Evidence of 'identical incident[s]' to that alleged by the plaintiff may establish that a municipality was put on notice of its agents' unconstitutional actions." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015) (recognizing a *Monell* claim based on evidence "that the City had a policy or custom of failing to investigate and discipline officers who had allegedly committed prior instances of excessive force."); *see also Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 803 (9th Cir. 2018) (finding it "sufficient under our case law" to prove a *Monell* claim by providing "evidence that personnel have been permitted to use force with impunity").

Defendants have failed to persuade the Court that paragraph 12 is "immaterial" to the instant case. The prior incident involving Lannom is relevant to Plaintiff's *Monell* claim because it involves the same officer and a similar allegation of excessive force. (*See* ECF No. 12 at ¶ 12; ECF No. 18 at 9.) In other words, paragraph 12 supports Plaintiff's assertion that the City of Sacramento's "policies, customs, or usages were the moving force behind the violations of [Plaintiff's] constitutional rights." *Lobaton v. City of San Diego*, No. 3:15-cv-1416-GPC-DHB, 2015 WL 7864186, at *3 (S.D. Cal. Dec. 2, 2015).

Moreover, "[a]ny doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *Id.* at *3 (citation omitted); *see Est. of Manzo v. Cty. of San Diego*, No. 06CV0060 R, 2006 WL 8455277, at *3 (S.D. Cal. Nov. 14, 2006) (denying a motion to strike because it cannot be "said at this stage of the litigation that" allegations of two prior shootings by the sheriff's deputies "have no possible relationship to plaintiffs' *Monell* claim"). Therefore, the Court declines to strike paragraph 12 of the FAC at this time.

Accordingly, Defendants' motion to strike paragraph 12 is DENIED.

        B.      <u>Paragraph 72</u>

Paragraph 72 of the FAC identifies seven civil litigation cases against the City of Sacramento and Sacramento Police Department, all involving allegations of excessive force and resulting in settlement agreements. (*See* ECF No. 15 at ¶ 72.) Defendants move to strike paragraph 72, arguing these "'examples' of prior unlawful use of force *allegations* are both

immaterial and impertinent" and "have no bearing on whether a constitutional violation occurred in this case to this Plaintiff or whether a municipal practice or custom caused that alleged constitutional violation." (*See* ECF No. 17-1 at 5 (emphasis in original).)  Defendants also argue the evidence is inadmissible under Federal Rule of Evidence ("Rule") 408.  (ECF No. 19 at 2.)

Rule 408 states: "Evidence of (1) furnishing, promising, or offering to furnish, or — accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise a claim," is not admissible to prove liability for or invalidity of the claim or its amount.  Fed. R. Evid. 408.  However, this rule does not require exclusion when the evidence is offered for another purpose, "such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." *Id.*

The prior cases alleged in paragraph 72 are relevant to Plaintiff's *Monell* liability claims.  Although Defendants argue paragraph 72 is inadmissible, Rule 408 "would not preclude *all* mentions" of the prior settlements, such as their "existence and effect on Defendants' knowledge." *Turano v. Cty. of Alameda*, No. 17-cv-06953-KAW, 2018 WL 5629341, at *8 (N.D. Cal. Oct. 30, 2018) (emphasis in original); *see also Cunningham v. Gates*, No. CV.96-2666 CBM, 2006 WL 2294877, at *1–2 (C.D. Cal. Aug. 2, 2006).  Evidence of a city's settlement in an earlier police brutality action may be admitted to show the city is aware of wrongful conduct by its officers.  *Green v. Baca*, 226 F.R.D. 624, 642 (C.D. Cal. 2005), *order clarified*, No. CV 02-204744MMMMANX, 2005 WL 283361 (C.D. Cal. Jan. 31, 2005).

Moreover, the prior cases in which Defendants "agreed to pay a substantial monetary sum to resolve excessive use of force claims brought against them" may demonstrate "manifestations of the same policy or custom," or that the "policy or custom was the moving force" behind Plaintiff's injuries.  *Est. of Osuna v. Cty. of Stanislaus*, 392 F. Supp. 3d 1162, 1173 (E.D. Cal. 2019) (finding allegations of prior incidents of excessive use of force sufficient to allege the existence of a policy or custom pursuant to *Monell*); *see also J.M. by & Through Rodriguez v. Cty. of Stanislaus*, No. 1:18-cv-01034-LJO-SAB, 2018 WL 5879725, at *6 (E.D. Cal. Nov. 7, 2018) (reasoning that multiple incidents alleged in plaintiff's complaint, in which significant

force was utilized, put Defendants on notice of a policy promoting excessive use of force). Although certain aspects of Plaintiff's allegations — such as the settlement amounts — may be inadmissible under Rule 408, the Court notes that "[d]isputes over Rule 408 should be resolved as evidentiary matters with motions *in limine* rather than prematurely in Rule 12(f) motions." *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV-09-01531-PHX-JAT, 2010 WL 3034880, at *4 (D. Ariz. Aug. 3, 2010).

Lastly, the Court is unpersuaded denying Defendants' Motion to Strike will prejudice Defendants. *See Swanson v. Yuba City Unified Sch. Dist.*, No. 2:14-cv-01431-KJM-DAD, 2015 WL 2358629, at *6 (E.D. Cal. May 15, 2015) ("Given the disfavored status of motions to strike and the apparent absence of any prejudice to defendants in denying the motion, the court denies the motion to strike [references to settlement discussions] without prejudice."); *Turano*, 2018 WL 5629341, at *8 (same).

Accordingly, Defendants' motion to strike evidence of past settlements is DENIED.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike (ECF No. 17) is DENIED without prejudice. Defendants are ORDERED to file a responsive pleading not later than twenty-one (21) days from electronic filing of this Order.

IT IS SO ORDERED.

DATED: March 25, 2021

　　　　　　　　　　　　　　　　　　　Troy L. Nunley
　　　　　　　　　　　　　　　　　　　United States District Judge